**Steven C. Berman,** OSB No. 951769
Email: sberman@stollberne.com
**Keith A. Ketterling**, OSB No. 913368
Email: kketterling@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIVISION OF PORTLAND

KMS FINANCIAL SERVICES, INC., a Washington corporation,

Plaintiff,

v.

CRAIG OLSON, an individual, SCOTT ROBERTS, an individual, MATTHEW VANCE, an individual, VERGEPOINTE WEALTH MANAGEMENT, LLC, an Oregon, limited liability company f/k/a VERITAS WEALTH ADVISORS, LLC f/k/a PARROTT WEALTH ADVISORS, LLC.

Defendants.

Case No. ______________

**COMPLAINT**

**(Contractual Indemnity/Breach of Agreement to Share Liability; Contractual Indemnity/Breach of Registered Representative's Contracts and Investment Advisory Agent's Contract; Statutory Contribution (Or. Rev. Stat. § 31.800, *et seq*.); Unjust Enrichment; and Breach of Fiduciary Duty)**

**DEMAND FOR JURY TRIAL**

Plaintiff, KMS Financial Services, Inc. ("KMS") alleges as follows:

**NATURE OF THE CASE**

1.

This case arises out of the sale of interests in a hedge fund to twelve of defendants' clients. KMS seeks to recover from defendants funds that KMS had to pay to settle actual and threatened claims brought by those clients against KMS.

**THE PARTIES**

2.

KMS Financial Services, Inc. ("KMS") is a Washington corporation with its principal place of business in Seattle, Washington.

3.

Defendant VergePointe Wealth Management, LLC is an Oregon limited liability company with its principal place of business in Lake Oswego, Clackamas County, Oregon. VergePointe Wealth Management, LLC was formally known as Veritas Wealth Advisors, LLC, but changed its name from Veritas Wealth Advisors, LLC to VergePointe Wealth Advisors, LLC in July, 2009. Veritas Wealth Advisors, LLC was formally known as Parrott Wealth Advisors, LLC, but changed its name from Parrott Wealth Advisors, LLC to Veritas Wealth Advisors, LLC in January 2007. Those entities collectively are referred to as "VergePointe" in this Complaint. VergePointe offers investment and financial planning advice and services to its clients.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

4.

On information and belief, the sole member of VergePointe Wealth Management, LLC is VergePointe, LLP. VergePointe LLP is an Oregon limited liability partnership with its principal place of business in Lake Oswego, Clackamas County, Oregon. On information and belief, each partner in VergePointe, LLP is an Oregon citizen.

5.

Defendant Craig Olson is a partner in VergePointe, LLC and, on information and belief, has an ownership interest in VergePointe Wealth Management, LLC. Olson resides in West Linn, Clackamas County, Oregon.

6.

Defendant Scott Roberts is a partner in VergePointe, LLP and, on information and belief, has an ownership interest in VergePointe Wealth Management, LLC. Roberts resides in Tigard, Washington County, Oregon.

7.

Defendant Matthew Vance is a partner in VergePointe, LLP and, on information and belief, has an ownership interest in VergePointe Wealth Management, LLC. Vance resides in Lake Oswego, Clackamas County, Oregon.

**JURISDICTION AND VENUE**

8.

The Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

9.

The Court has personal jurisdiction over defendants, because each defendant resides in Oregon and/or conducts regularly sustained business activities in Oregon.

10.

Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), because all defendants reside in this district and a substantial part of the events or omissions giving rise to KMS's claims occurred in this district.

**FACTS COMMON TO ALL CLAIMS**

11.

Olson was a registered representative and investment advisory agent with KMS from May 2003 through November 23, 2009.

12.

Roberts was a registered representative and investment advisory agent with KMS from May 2003 through November 23, 2009.

13.

Vance was an investment advisory agent with KMS from March 2006 through November 23, 2009.

14.

At all material times, Olson, Roberts and Vance worked for and/or were associated with VergePointe. At all material times, Olson, Roberts and Vance were acting on the behalf of VergePointe and within the course and scope of their relationships with VergePointe.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

15.

KMS is a broker-dealer. As registered representatives with KMS, Olson and Roberts were obligated to conduct their securities transactions through KMS.

16.

In early 2006, Vance contacted KMS indicating that Olson and Roberts wanted to offer interests in a hedge fund called the Grifphon Alpha 1 Fund, L.P. (the "Grifphon Fund") to some VergePointe clients. Vance stated that he and VergePointe had conducted their due diligence and wanted to move forward. Because the Grifphon Fund was a security, Olson and Roberts sought KMS's approval to sell the Grifphon Fund. Vance urged KMS to approve the Grifphon Fund for sale.

17.

KMS informed Vance that KMS would review the offering if certain conditions were met. One condition was that the agents who sold the Grifphon Fund would agree to share liability for losses, costs or claims associated with the sale of the Grifphon Fund. Another condition was that defendants would assist KMS with its due diligence. Vance indicated that those terms were acceptable, and requested that KMS proceed.

18.

KMS conducted the due diligence that, at the time, KMS believed was appropriate. KMS relied substantially on the representations and purported investigation and due diligence conducted by Olson, Roberts, Vance and VergePointe. At various times, Olson, Roberts and/or Vance vouched for the Grifphon Fund and the fund managers' integrity.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

19.

In September 2006, KMS approved the Grifphon Fund for sale by Olson and Roberts. Because KMS regarded (and continues to regard) hedge funds as high-risk investments, KMS would not have approved the Grifphon Fund for sale if Roberts and Olson had not agreed to share potential liabilities arising from sales of the Grifphon Fund.

20.

In December 2006, KMS entered into an Agreement to Share Liability with Olson and Roberts. A true and correct copy of the Agreement to Share Liability is attached hereto as Exhibit 1.

21.

Between December 2006 and April 2008, Olson and Roberts sold $4,280,000 of interests in the Grifphon Fund to twelve VergePointe clients.

22.

Sale of the Grifphon Fund to VergePointe clients generated $50,555.05 in incentive fees. Roberts and Olson received $42,827.92 of those fees. KMS received $7,727.13 of those fees. KMS received no other income from its involvement in the sale of the Grifphon Fund to VergePointe clients.

23.

During the time period Olson, Roberts and Vance were marketing the Grifphon Fund to VergePointe clients, Olson, Roberts and Vance were actively pursuing a business and social relationship with Yusaf Jawed, the Grifphon Fund's founder and manager.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

24.

On information and belief, during the time period that Olson, Roberts and Vance were marketing the Grifphon Fund to VergePointe clients, Olson, Roberts and Vance were making representations to the clients about the Grifphon Fund that were untrue and were not authorized or approved by KMS. For example, Olson, Roberts and/or Vance told VergePointe clients that the Grifphon Fund was a limited risk investment, and that the Grifphon Fund invested only in stocks and publicly traded securities, even though those statements were contradicted by the Grifphon Fund's Private Placement Memorandum.

25.

Olson, Roberts and Vance solicited VergePointe clients for the Grifphon Fund before providing those clients with the Grifphon Private Placement Memorandum, the subscription agreement or relevant information about the Grifphon Fund.

26.

During the time that Olson and Roberts were marketing the Grifphon Fund to KMS clients, in response to an inquiry from KMS regarding whether the Grifphon Fund should continue to be offered, Vance stated: "I have been conducting some of my own due diligence on Grifphon and we have concluded that they are indeed a satisfactory partner."

27.

VergePointe clients who purchased the Grifphon Fund were unable to withdraw their funds or to obtain information about the funds. Complaints were filed with the Oregon Division of Finance and Corporate Securities.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

28.

In November 2009, Olson, Roberts, Vance and VergePointe's relationship with KMS ended.

29.

In September 2010, three VergePointe clients who had purchased the Grifphon Fund initiated arbitration with the Financial Industry Regulatory Authority ("FINRA") against KMS and Roberts. The VergePointe clients alleged that the Grifphon Fund was a fraudulent Ponzi scheme. The VergePointe clients alleged claims for violation of the Oregon Securities Law and breach of fiduciary duty. The VergePointe clients sought the full amount of their investments as damages, as well as attorneys' fees and costs.

30.

In December 2011, following a mediation, KMS settled the case with the VergePointe clients, without defendants' financial participation. KMS paid $700,000 to settle the case. KMS obtained a release of all respondents (including Roberts) from the claimants. KMS reserved its rights to pursue claims against Roberts, VergePointe and others.

31.

By December 2011, the Grifphon Fund and Jawed were under investigation for securities fraud with the Oregon Division of Finance and Corporate Securities. In January 2012, the Oregonian and the Portland Business Journal reported the investigation. The Oregonian and the Portland Business Journal reported that the claim brought by the three VergePointe clients who had invested in the Grifphon Fund had settled.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

32.

In January 2012 – without KMS's knowledge, consent or approval – Olson, Roberts and/or Vance began contacting the remaining VergePointe clients who had invested in the Grifphon Fund (the "Remaining Investors"). Olson, Roberts and/or Vance told each of the Remaining Investors that his investment in the Grifphon Fund "was at risk." Olson, Roberts and/or Vance solicited each of the Remaining Investors to enter into two new agreements. Under the first agreement, each Remaining Investor would: (a) release Olson, Roberts, Vance and VergePointe from liability for the sale of the Grifphon Fund to the investor; and (b) agree to indemnify Olson, Roberts, Vance and/or VergePointe for any claims made by KMS against Olson, Roberts, Vance and/or VergePointe. In exchange, Olson, Roberts, Vance and/or VergePointe would negotiate with KMS to recover for the investor half of the investor's principal investment. The second agreement was a proposed settlement agreement between KMS and the investor; as part of that settlement agreement, KMS would release Olson, Roberts, Vance and VergePointe from any claims KMS had against them.

33.

In summary, Olson, Roberts, Vance and VergePointe: notified the Remaining Investors that they had claims against KMS; sought to shelter themselves from those claims; and, put KMS in the untenable position of negotiating with the Remaining Investors on terms Olson, Roberts, Vance and VergePointe had proposed without KMS's consent.

34.

After Olson, Roberts and/or Vance had contacted the Remaining Investors and provided them with the "agreements", they told KMS that the Remaining Investors were considering



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

litigation. Defendants told KMS that defendants could prevent the Remaining Investors from pursuing claims against KMS; in exchange, defendants sought to have KMS release defendants from any liability defendants may have relating to the sale of the Grifphon Fund to VergePointe clients.

35.

After being contacted by Olson, Roberts and/or Vance, three of the Remaining Investors initiated FINRA arbitrations against Roberts and KMS.

36.

Over the following six months, KMS contacted each of the Remaining Investors and negotiated settlements of their potential, threatened or actual claims relating to the Grifphon Fund. The settlement agreements with the Remaining Investors released Olson, Roberts, Vance and VergePointe. Defendants did not financially participate in any of those settlements. In the settlement agreements, KMS reserved its rights to pursue claims against Olson, Roberts, Vance and VergePointe.

37.

KMS paid $2,030,000 to settle the Remaining Investors' claims.

38.

In total, KMS paid $2,730,000 to settle all claims by VergePointe clients who purchased the Grifphon Fund (the "Settlement Payments"). The Settlement Payments were reasonable and made in good faith.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

39.

By 2012, the Securities and Exchange Commission ("SEC") was investigating Jawed and the Grifphon Fund. In October 2012, the SEC filed a complaint against Jawed, Grifphon and others, alleging that the Grifphon Fund was a Ponzi scheme and violations of federal securities laws. Jawed and others also are under criminal investigation.

**FIRST CLAIM FOR RELIEF**

**(Contractual Indemnity/Breach of Agreement to Share Liability)**

For its First Claim for Relief, KMS alleges the following against Defendants Craig Olson and Scott Roberts.

40.

KMS realleges and incorporates paragraphs 1-39 as if fully set forth herein.

41.

Under the Agreement to Share Liability, Olson and Roberts agreed to share settlement costs to resolve any actual or potential claims brought against Olson, Roberts and/or KMS by any investor in the Grifphon Fund.

42.

The Agreement to Share Liability provides that KMS, Olson and Roberts will first share costs for settlement of claims based on the amount of revenue each received from the sale of the Grifphon Fund. Once settlement costs exceed revenue received, settlement costs will be split equally between KMS, on the one hand, and Olson and Roberts, on the other hand.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

43.

Under the Agreement to Share Liability, Olson and Roberts are responsible for $1,382,550.40 of the Settlement Payments.

44.

Despite demand, Olson and Roberts have failed to pay KMS $1,382,550.40 that Olson and Roberts have an obligation to pay under the Agreement to Share Liability.

45.

Olson and Roberts are in breach of the Agreement to Share Liability, because they have failed to pay to KMS monies owing under that Agreement.

46.

KMS is entitled to recover from Olson and Roberts damages in the amount of $1,382,550.40.

**SECOND CLAIM FOR RELIEF**

**(Contractual Indemnity/Breach of Registered Representative's Contract and Investment Advisory Agent's Contract)**

For its Second Claim for Relief, KMS alleges the following against Defendants Craig Olson, Scott Roberts and Matt Vance.

47.

KMS realleges and incorporates paragraphs 1-39 as if fully set forth herein.

48.

Olson and Roberts entered into Registered Representative's Contracts with KMS. Those Registered Representative Agreements provide, in relevant part, that Olson and Roberts will



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

"Indemnify and hold [KMS] harmless from any and all expenses, costs, causes of action, damages and reasonable attorneys' fees resulting from unauthorized or negligent acts or omissions or transactions by the REPRESENTATIVE or the REPRESENTATIVE'S breach of this Contract or the Policy Manual."

49.

Vance entered into an Investment Advisory Agent's Contract with KMS. That Investment Advisory Agent's Contract provides, in relevant part, that Vance will "Indemnify and hold [KMS] harmless from any and all expenses, costs, causes of action, damages and reasonable attorneys fees relating to or resulting from unauthorized or negligent acts or omissions or transactions by the AGENT or the AGENT's breach of any terms of this Contract or the Policy Manual."

50.

Olson, Roberts and Vance were negligent when they: recommended the Grifphon Fund without first conducting their own proper due diligence regarding the Grifphon Fund; made inaccurate representations to VergePointe clients about the risks associated with the Grifphon Fund and the nature of the Grifphon Fund's holdings; and, solicited buyers for the Grifphon Fund before providing them the Grifphon Private Placement Memorandum or subscription agreement, or relevant information about the Grifphon Fund.

51.

Olson, Roberts and Vance engaged in unauthorized acts and violated the terms of the KMS Policy Manual when they: recommended the Grifphon Fund without first conducting their own proper due diligence regarding the Grifphon Fund; made inaccurate representations to



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

VergePointe clients about the risks associated with the Grifphon Fund and the nature of the Grifphon Fund's holdings; and, solicited buyers for the Grifphon Fund before providing them the Grifphon Private Placement Memorandum or subscription agreement, or relevant information about the Grifphon Fund.

52.

VergePointe clients purchased the Grifphon Fund in reliance on the representations and actions taken by Olson, Roberts and Vance. VergePointe clients would not have purchased the Grifphon Fund but for the actions of Olson, Roberts and Vance.

53.

Under their Registered Representative Agreements, Olson and Roberts must indemnify KMS for the full amount of the Settlement Payments. Under his Investment Advisory Agent's Contract, Vance must indemnify KMS for the full amount of the Settlement Payments.

54.

Despite demand, Olson, Roberts and Vance have failed to pay KMS $2,730,000.

55.

Olson and Roberts are in breach of their Registered Representative's Contracts, and Vance is in breach of his Investment Advisory Agent's Contract, because they have failed to indemnify and hold KMS harmless for the full amount of the Settlement Payments.

56.

KMS is entitled to recover damages in the amount of $2,730,000 from Olson, Roberts and Vance, as well as its attorneys' fees and costs incurred herein.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

**THIRD CLAIM FOR RELIEF**

**(Statutory Contribution (Or. Rev. Stat. § 31.800, *et seq.*))**

For its Third Claim for Relief, KMS alleges the following against Defendants Craig Olson, Scott Roberts, Matt Vance and VergePointe.

57.

KMS realleges and incorporates paragraphs 1-56 as if fully set forth herein.

58.

KMS, Olson, Roberts, Vance and VergePointe shared a common liability to the VergePointe clients who invested in the Grifphon Fund.

59.

As between Olson, Roberts, Vance and VergePointe, on the one hand, and KMS, on the other hand, KMS paid more than its proportional share of that liability.

60.

KMS is entitled to recover from Olson, Roberts, Vance and VergePointe an amount not to exceed $2,730,000.

**FOURTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

For its Fourth Claim for Relief, KMS alleges the following against Defendants Craig Olson, Scott Roberts, Matt Vance and VergePointe.

61.

KMS realleges and incorporates paragraphs 1-39 as if fully set forth herein.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

62.

KMS has conferred a benefit on defendants. Specifically, KMS has settled all actual, threatened or potential claims that the VergePointe clients who purchased the Grifphon Fund have against all defendants.

63.

Defendants were aware of those threatened claims and that they faced significant financial exposure, risk and liability from those claims. Defendants are aware that KMS has settled all of those claims and fully extinguished defendants' financial exposure, risk and liability.

64.

Defendants have been unjustly enriched in an amount not to exceed $2,730,000.

65.

Despite demand, defendants have not paid KMS for the benefits defendants received.

66.

Under the circumstances, it would be unjust to allow defendants to retain the benefit of the settlements without requiring defendants to pay for that benefit.

67.

KMS is entitled to recover from defendants an amount not to exceed $2,730,000 for their unjust enrichment.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

**FIFTH CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty)**

For its Fifth Claim for Relief, KMS alleges the following against Defendants Craig Olson, Scott Roberts, Matt Vance and VergePointe.

68.

KMS realleges and incorporates paragraphs 1-39 and 50-52 as if fully set forth herein.

69.

Olson, Roberts and Vance were KMS's agents from early 2006 (when Vance first approached KMS about the Grifphon Fund) through November 2009 (when Olson, Roberts and Vance's relationships with KMS terminated). As KMS's agents, Olson, Roberts and Vance had a "special" or fiduciary relationship with KMS. Because of their agency relationship, Olson, Roberts and Vance owed KMS duties of care, loyalty and full disclosure. As KMS's agents, Olson, Roberts and Vance were obligated to act in KMS's interest.

70.

Olson, Roberts and Vance breached their duties by:

- Failing to conduct full or adequate due diligence regarding the Grifphon Fund, when Olson, Roberts and Vance knew that KMS was relying on their due diligence;
- Putting their own interests in receiving fees for selling the Grifphon Fund over the interest of KMS; and,
- Putting their own interests in maintaining a business and personal relationship with Jawed and the principals of the Grifphon Fund above the interests of KMS.

71.

KMS has been damaged in the amount of $2,730,000 as a result of Olson, Roberts and Vance's breaches of their fiduciary duties.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

72.

KMS is entitled to recover damages in the amount of $2,730,000 from Olson, Roberts, Vance and VergePointe as a result of Olson, Roberts and Vance's breaches of their fiduciary duties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief:

1. Judgment in Plaintiff's favor on all of Plaintiff's claims;
2. Damages in amount to be determined by a jury at trial, but not to exceed $2,730,000;
3. Prejudgment and post-judgment interest;
4. Plaintiffs' attorneys' fees and costs reasonably incurred herein; and,
5. Such other relief as the Court deems just and proper.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands a jury trial as to all issues so triable in this action.

DATED this 7th day of December, 2012.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: /s/ Steven C. Berman
**Steven C. Berman,** OSB No. 951769
**Keith A. Ketterling**, OSB No. 913368

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: sberman@stollberne.com
kketterling@stollberne.com

Attorneys for Plaintiff